```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
IN THE MATTER OF THE ARBITRATION         :
                                         :
             between                     :
                                         :
THE NEW YORK DISTRICT COUNCIL OF         :
CARPENTERS PENSION FUND, NEW YORK CITY   :    07 Civ. 4070 (DLC)
DISTRICT COUNCIL OF CARPENTERS WELFARE   :
FUND, NEW YORK CITY DISTRICT COUNCIL OF  :      MEMORANDUM
CARPENTERS VACATION FUND, NEW YORK CITY  :    OPINION & ORDER
DISTRICT COUNCIL OF CARPENTERS ANNUITY   :
FUND, NEW YORK CITY DISTRICT COUNCIL OF  :
CARPENTERS APPRENTICESHIP, JOURNEYMAN    :
RETRAINING, EDUCATIONAL AND INDUSTRY     :
FUND, NEW YORK CITY DISTRICT COUNCIL OF  :
CARPENTERS CHARITY FUND, and THE NEW     :
YORK CITY AND VICINITY CARPENTERS LABOR  :
MANAGEMENT COOPERATION FUND, by MICHAEL  :
J. FORDE, and PAUL O'BRIEN, as           :
TRUSTEES,                                :
                          Petitioners,   :
                                         :
             -against-                   :
                                         :
A PLUS FLOORING, INC.,                   :
                          Respondent.    :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

Petitioners Michael J. Forde and Paul O'Brien, as Trustees of the New York District Council of Carpenters Pension Fund and six related funds ("Carpenters Funds"), have filed this petition for confirmation of an arbitration award, and for attorney's fees and costs. Respondent A Plus Flooring, Inc. ("A Plus") has not opposed the petition or otherwise appeared in this action. For the following reasons, the petition is granted.

BACKGROUND

The Carpenters Funds are employee welfare benefit plans under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. The United Brotherhood of Carpenters and Joiners of America ("UBCJA") and A Plus are parties to a written collective bargaining agreement, which obligates A Plus "to comply with the contractual wages, fringe benefits, hours and other working conditions established between the UBCJA affiliates and the employers . . . in the localities in which the Company does any work within the jurisdiction of the UBCJA." The local collective bargaining agreement relevant to this matter, the Independent Building Construction Agreement ("CBA"), requires each signatory employer "to make certain contributions to the Carpenters Funds, and to make available to the Carpenters Funds' Trustees "all pertinent books and records . . . required for an audit." Failure to furnish such records to verify any delinquency in contributions is a violation of the CBA. The CBA provides that any disputes concerning the application, interpretation, or breach of any provision of the CBA shall be submitted to arbitration before designated arbitrators if not first resolved by settlement.

In accordance with the CBA, the Carpenters Funds requested access to A Plus's pertinent books and records to conduct an audit. On January 17, 2007, the Carpenters Funds filed a Notice

of Intention to Arbitrate to compel A Plus to make available its books and records from August 8, 2003 to that date. Arbitrator Robert Herzog scheduled a hearing for February 13, 2007, and sent a Notice of Hearing dated January 22, 2007 to the Carpenter Funds and A Plus.

Counsel for the Carpenters Funds, but not counsel for A Plus, appeared at the time and place designated by the Notice of Hearing. The Carpenters Funds presented evidence and examined witnesses, after which the arbitrator concluded that A Plus's actions in denying the Carpenters Funds' accountant access to pertinent books and records violated the CBA. Based on that finding, on February 17, 2007 the arbitrator entered a written award ordering A Plus to permit and facilitate the Carpenters Funds' audit of its books and records, and to pay to the UBCJA two thousand three hundred fifty dollars ($2,350.00) with interest accruing from the date of the award. That amount represented court costs and attorney's and arbitrator's fees. The Carpenters Funds have demanded that A Plus comply with the awards, but A Plus has failed to pay.

On May 24, 2007, petitioners Carpenters Funds filed this petition to confirm the arbitration awards, and also requested costs and legal fees incurred in bringing this action. A Plus did not file any opposition and has not appeared in this action.

DISCUSSION

"[D]efault judgments in confirmation/vacatur proceedings are generally inappropriate." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). Instead, a petition to confirm should be "treated as akin to a motion for summary judgment based on the movant's submissions," and where the non-movant has failed to respond, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Id. at 109-10 (citation omitted).

Summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination the court must view all facts in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Sista v. CDC Ixis N. Amer., Inc., 445 F.3d 161, 169 (2d Cir. 2006). When the moving party has asserted facts showing that the non-movant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a

4

genuine issue for trial," and cannot rest on the "mere allegations or denials" of the movant's pleadings. Fed. R. Civ. P. 56(e); accord Sista, 445 F.3d at 169.

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." D.H. Blair & Co., 462 F.3d at 110 (citation omitted). A court's review of an arbitration award is "severely limited" so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation. Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp., 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted).

"The showing required to avoid summary confirmation of an arbitration award is high," id., and a party moving to vacate an award bears "the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the

arbitrators is necessary to confirm the award." D.H. Blair & Co., 462 F.3d at 110 (citation omitted).

Petitioners have sufficiently supported their petition and demonstrated that there is no question of material fact. Respondent has not submitted any opposition. Therefore, the petition to confirm the arbitration award is granted.

Petitioners also seek attorney's fees for the confirmation proceeding. They do not point to any statutory or contractual authority for such legal fees, instead relying on the Court's inherent equitable powers.[1]

> Pursuant to its inherent equitable powers, . . . a court may award attorney's fees when the opposing counsel acts in bad faith, vexatiously, wantonly, or for oppressive reasons. As applied to suits for the confirmation and enforcement of arbitration awards, . . . when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.

Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985) (citation omitted). Here, A Plus has presented no justification or reason for its failure to abide by the arbitrator's decision.

---

[1] The CBA allows the party prevailing in the arbitration to receive reasonable attorney's fees upon confirmation "in each proceeding." The petitioners have not chosen to rely on this provision in seeking attorney's fees for the confirmation proceeding.

Therefore, the request for attorney's fees and costs for the confirmation proceeding is granted in the amount of $1,185.00.[2]

CONCLUSION

For the above reasons, the petition to confirm the arbitration award is granted. Attorney's fees and costs for the confirmation proceeding in the amount of $1,185 are awarded to petitioners. The Clerk of Court shall enter judgment for the petitioners and close the case.

SO ORDERED:

Dated:   New York, New York
         October 9, 2007

　　　　　　　　　　　　　　　　　　　　／s／ Denise Cote
　　　　　　　　　　　　　　　　　　　　DENISE COTE
　　　　　　　　　　　　　　　　　United States District Judge

---

[2] In a recent Memorandum Opinion and Order, a request for an attorney's fees was denied despite the respondent's failure to appear. Abondolo v. Sunshine Fresh, Inc., No. 07 Civ. 696 (DLC), 2007 WL 1888336, at *2-3 (S.D.N.Y. July 2, 2007). Upon reflection, the result reached in the present decision is better supported by the Second Circuit precedent cited above.